253 F.2d 952
 PETTERSON LIGHTERAGE & TOWING CORPORATION, as owner of THE Lighter KOALA, Libelant-Appellant,
v.
BELGIAN LINE, Incorporated, formerly known as Atlantic Overseas Corporation, and Compagnie Maritime Belge (Lloyd Royal) S. A., Respondents-Appellees, and
Transoceanic Terminal Corporation, Respondent-Impleaded-Appellee.
 No. 299.
 Docket 24953.
 United States Court of Appeals Second Circuit.
 Argued March 28, 1958.
 Decided April 17, 1958.
 
 Edward L. Smith, of Kirlin, Campbell & Keating, New York City (James Proud, New York City, on the brief), for Petterson Lighterage & Towing Corp., appellant.
 J. Newton Nash, of Hill, Betts & Nash, New York City (Eli Ellis, of Hill, Betts & Nash, and Robert H. Peterson, New York City, on the brief), for appellees Belgian Line, Inc., and Compagnie Maritime Belge (Lloyd Royal) S. A.
 Horace T. Atkins, of Atkins & Weymar, New York City, for appellee Transoceanic Terminal Corp.
 George B. Warburton, of Hill, Rivkins, Middleton, Louis & Warburton, New York City, for appellee Amerlux Steel Products Corp.
 Before CLARK, Chief Judge, and L. HAND and LUMBARD, Circuit Judges.
 PER CURIAM.
 
 
 1
 These are appeals involving four consolidated actions in admiralty brought to establish responsibility for the dumping of a cargo of steel rods and beams into New York Harbor. The cargo was owned by Amerlux Steel Products Corporation and had been shipped on the "Belgian Line's" M/V Houffalize from Antwerp to New York, where it was berthed at the Belgian pier. The shipowners procured the Koala on oral charter from its owner, Petterson Lighterage & Towing Corporation, for the unloading, and Transoceanic Terminal Corporation acted as stevedore. When the loading onto the Koala was completed in a day and a half, and during the next night, as the Koala lay alongside the ship at the pier, she careened and dumped her cargo. Petterson sought exoneration from or limitation of liability and brought a separate libel for damages to its lighter from the shipowner and the stevedore. There were also libels by the shipowner and the cargo owner. After trial Judge McGohey rejected Petterson's contention of improper loading and held the loss due entirely to the unseaworthy condition of the Koala, being so old and leaky that leakage of water caused the careening after quite proper stowage of the cargo. D.C.S.D.N.Y., 154 F.Supp. 461. So his interlocutory decree refuses relief to Petterson, holds it liable for damages to the cargo and shipowners, exonerates the stevedore, and gives the cargo owner a right of secondary recovery against the ship.
 
 
 2
 Despite vigorous attacks on the judge's findings, we find the findings well supported in the evidence. There was ample evidence, including the persuasive testimony of the qualified marine surveyor, Captain Baggar, of the Koala's rather strikingly poor condition; and the evidence claimed to show improper stowage was not convincing. Judge McGohey obviously gave the case careful attention. We affirm upon his findings and opinion.
 
 
 3
 Affirmed.